IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TINA L. FARLEY,

      Plaintiff,

v.                                             Civil Action No. 5:12CV29
                                                            (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.


**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Background</u>

On January 14, 2009, the plaintiff in this civil action filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, claiming that she suffered from disability beginning November 1, 2008.  She claimed disability as a result of diabetes, carpal tunnel syndrome, bulging discs in the neck, headaches, a herniated disc, trigger finger and thumb, tennis elbow on the right side, and a cataract in one eye.  Her application for benefits was denied both initially and upon reconsideration.  The plaintiff then requested a hearing, which was granted and held before Administrative Law Judge ("ALJ") Charlie Paul Andrus.  The ALJ affirmed the denial of the plaintiff's application for benefits on the grounds that the plaintiff was not disabled as that term is defined by the Social Security Act.  The plaintiff then requested and was granted review by the Appeals

Council on the grounds that the ALJ incorrectly found that the plaintiff's date last insured was December 31, 2010, when the proper date last insured was December 31, 2011.  On January 9, 2012, the Appeals Council made findings about the evidence submitted with regard to the one-year period between the ALJ's improperly determined date last insured and the actual date last insured ("unadjudicated period").  It then adopted the ALJ's adverse findings, modifying them to reflect the altered date last insured.  This decision became the final decision of the Commissioner of Social Security ("Commissioner").

The plaintiff then filed this action against the Commissioner seeking review of the final decision of the Appeals Council.  Both parties filed motions for summary judgment, and both motions are now fully briefed.  United States Magistrate Judge James E. Seibert reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this matter be dismissed.  Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.

2

The plaintiff filed timely objections which object to all of the findings of Magistrate Judge Seibert.

## II.   Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.  Because the plaintiff has objected to the entire report and recommendation, this Court will undertake a de novo review of all of the magistrate judge's findings recommendations therein.

## III.   Discussion

The plaintiff asserts that the Appeals Council and Commissioner erred by: (1) denying her claim with regard to the unadjudicated period without providing her with an opportunity for a hearing–in violation of her Fifth Amendment right to due process; (2) providing a grossly insufficient opinion as to her status during the unadjudicated period; (3) exercising insufficient consideration of the opinion of her treating source; (4) improperly rejecting two of her severe impairments; and (5) making an improper credibility determination.  The defendant asserts that all determinations of the Commissioner were supported by substantial evidence, and that the Appeals Council properly considered the

unadjudicated period without additional hearing.  After a full <u>de novo</u> review and for the reasons that follow, this Court will adopt and affirm the magistrate judge's report and recommendation in its entirety.

A.   <u>Appeals Council's failure to grant plaintiff an additional hearing on the unadjudicated period</u>

The plaintiff asserts that her Fifth Amendment right to due process was violated by the Appeals Council's failure to grant her the opportunity to present evidence from the unadjudicated period in a hearing after the council determined that the ALJ erred in his determination of the plaintiff's last date insured.  As the magistrate judge explained, the plaintiff possesses a property interest in disability benefits which is protected by the Fifth Amendment.  Accordingly, pursuant to the Fifth Amendment right to due process, she must be afforded notice and an opportunity to be heard before she may be denied those benefits.  <u>See</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 401-02 (1971); <u>and see</u> <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 313 (1950).  In the context of social security disability claims, due process requires proceedings be "full and fair" and include: (1) consideration of the private interest that will be affected by official action; (2) the risk of erroneous deprivation through the procedures used and the probative value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the

4

function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).  Magistrate Judge Seibert considered whether the plaintiff was afforded such a constitutionally valid procedure before the Appeals Council.

First, the magistrate found, and this Court agrees, that the personal interest at stake in this situation is great.  However, the plaintiff was provided with sufficient opportunity to present all evidence with regard to the unadjudicated period.  When the Appeals Council found that the ALJ had reached an improper conclusion as to the last date insured, it sent a letter to the plaintiff which indicated that she could "send more evidence or a statement about the facts and law in your case," and that she could also request an appearance before the Appeals Council.  The plaintiff did send more evidence, but as the magistrate judge points out, there is no evidence that she asked for an appearance. Accordingly, the risk of erroneous deprivation resulting from the procedures used is low.

The plaintiff argues that the fact that she was afforded an opportunity to appear before the Appeals Council and chose not to is not "relevant to the issue at hand" because an appearance before the Appeals Council is not equivalent to an ALJ evidentiary hearing.  This argument misconstrues the requirements of due process.  Due process in any context does not require any specific

5

type of hearing or proceeding prior to a deprivation of a right, but instead only requires notice and an opportunity to be heard. As noted above, in the social security context, it requires that proceedings be "full and fair." As long as these requirements are met, the claimant has been afforded her due process rights.

This Court finds that the opportunity to present evidence with regard to the unadjudicated period, as well as the opportunity to both present a written narrative of her argument and to come before the Appeals Council to present evidence and argument in favor of a finding of disability is both "full and fair." This procedure also affords the plaintiff notice, and an opportunity to be heard prior to the issuance of an adverse decision. See Ferriell v. Astrue, 614 F.3d 611, 620-22 (6th Cir. 2010); Ingram v. Comm'r of SSA, 496 F.3d 1253 (11th Cir. 2007) (noting with approval, the Appeals Council's consideration of new evidence submitted at the appellate level without remand or new hearing); Davenport v. Astrue, 417 F. App'x 544, 552 (7th Cir. 2011) (unpublished) (A Social Security disability claimant's due process rights are violated if the claimant "is not offered a chance to present evidence . . . ." (emphasis added)).

The United States Court of Appeals for the Sixth Circuit's opinion in Ferriell, while not binding precedent upon this Court, is particularly instructive in this inquiry, as the facts of that

case are quite similar to the facts in this case.[1]  In Ferriell, the plaintiff's application for DIB was granted by an ALJ on the basis of the ALJ's determination that the plaintiff's date last insured was December 31, 2005.  However, a number of months after the ALJ's favorable decision, the Appeals Council determined that the ALJ had erred in his determination of the plaintiff's date last insured, and reopened the plaintiff's application.  At its decision to reopen his case, the Appeals Council informed the plaintiff of the same, and also notified him of his right "to present a statement of the law and facts of his case, new evidence, and/or a request to appear before the Appeals Council prior to the entry of its final decision."  614 F.3d at 613.

Mr. Ferriell's attorney sent a letter arguing for the date last insured as determined by the ALJ.  The Appeals Council then entered an unfavorable opinion wherein it reversed the ALJ's determination of the plaintiff's date last insured, finding it to be instead December 31, 2003, and as there was no evidence

---

[1]The plaintiff urges this Court to not consider Ferriell in its determinations of the constitutionality of the procedures used in this plaintiff's case because the Ferriell opinion was decided in the context of a reopening procedure rather than an appeal by the claimant.  This Court notes this factual divergence, but finds it to be a distinction without a difference with regard to the due process considerations made by the Court in that case.  Following the decision to reopen the claimant's case in Ferriell, the letter sent to the claimant, as well as the options offered to him to present evidence and argument before it regarding its decision as to his disability during the unadjudicated period between 2003 and 2005, was largely identical to that utilized by the Appeals Council here.

presented as to disability prior to 2005, found the plaintiff ineligible for disability benefits. Id. Mr. Ferriell filed suit, and argued, as did the plaintiff here, that the process by which the Appeals Council's reached its decision-namely that it reached this decision without granting him a second evidentiary hearing-violated the plaintiff's Fifth Amendment right to due process.

In that case, the Sixth Circuit reviewed the Eldridge factors set forth above and found that the procedure used by the Appeals Council in overturning the ALJ's determination as to the date last insured gave the plaintiff "the chance to assert his argument." Id. at 620. Further, the court concluded that the letter sent to the plaintiff informing him of the reopening of his case provided adequate "notice and opportunity to state his objections to the Appeals Council's proposed decision and to provide it with additional evidence." Id. at 621.

Finally, as to the last Eldridge factor, the Sixth Circuit noted, as did the magistrate judge here, that the government's interest in not remanding every case for a full second evidentiary hearing whenever new evidence is necessary based upon the Appeals Council's disagreement with a conclusion of the ALJ is quite high. Requiring remand in all cases where the Appeals Council's determination of the date last insured requires a finding of disability status during an unadjudicated period "would drain SSA

8

resources and impose a substantial administrative burden for little or no increase in the accuracy of benefits determinations." Id.

As explained above, this Court finds in line with the magistrate judge and the determinations of the Ferriell court. The plaintiff received ample notice and opportunity to present evidence and argument regarding her disability status during the unadjudicated period through the procedures used by the Appeals Council. She chose not to request to appear before the council, but she did present new evidence, which the Appeals Council fully considered. Accordingly, the procedures utilized by the Appeals Council afforded the plaintiff all required procedural safeguards required by the Fifth Amendment, and did not violate her due process rights.

B.   Alleged deficiency in Appeals Council's decision

The plaintiff next claims that the Appeals Council's decision is grossly deficient because it fails to fully consider the evidence presented regarding the unadjudicated period pursuant to the five-step evaluation process for determining if a claimant is disabled. See 42 U.S.C. § 423(d)(2)(A) (defining disability); 20 C.F.R. § 404.1520 (explaining the five-step sequential evaluation process). The plaintiff claims that the Code of Federal Regulations requires that this five-step process be completed in its entirety for each disability determination, and that the Appeals Council failed to complete the required evaluation. The

plaintiff argues that the Appeals Council simply concludes that she was not disabled during the unadjudicated period without explaining its findings at each step of the five-step inquiry.  This Court disagrees and finds that the Appeals Council's opinion was sufficient.

This Court agrees with the plaintiff that the Appeals Council's opinion regarding the plaintiff's disability status during the unadjudicated period does not explicitly outline and set forth findings at each step of the five-step evaluation process. However, the findings that it does set forth clearly incorporate by reference the findings of the ALJ, and indicate that it affirms and adopts all legal and factual findings of the ALJ as to the plaintiff's disability status during the period that he considered. It further indicated that it considered the newly submitted evidence in conjunction with all of the evidence already in the record and upon which the ALJ based his decision. See Higginbotham v. Barnhart, 405 F.3d 332, 337 (5th Cir. 2005).

The Appeals Council then stated that its consideration of the newly submitted evidence regarding the unadjudicated period along with the evidence previously considered by the ALJ, led the Appeals Council to conclude that the new evidence submitted was "essentially cumulative and [did] not show any significant worsening of the claimant's condition from January 1, 2011, through April 19, 2011 [the unadjudicated period]." ECF No. 7 Ex. 2 *6.

10

As a result, the Appeals Council found that the ALJ's considerations and determinations as to the five-step inquiry during the adjudicated period were also applicable to the unadjudicated period. The Appeals Council thus concluded that, based upon these findings of the ALJ, the plaintiff was not disabled during the unadjudicated period. This Court finds that, because the Appeals Council found the claimant's condition to be essentially the same during the unadjudicated period as it was during the adjudicated period, it properly relied upon the five-step inquiry already done by the ALJ, and with which the Appeals Council expressed its agreement. No new five-step inquiry was necessary.

C. <u>Challenges to the merits of the Commissioner's decision</u>

The remaining three claims of error to which the plaintiff points all argue that the merits of the decision of the Commissioner were incorrect. As to allegations against the merits of the Commissioner's decision and the findings of the ALJ and Appeals Council, the magistrate judge and this Court review the opinions and findings to determine whether they were "supported by substantial evidence and whether the correct law was applied." <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). It is not the position of the district court in cases such as this to decide whether it agrees with the Commissioner's findings. <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005) (citing <u>Craig v.</u>

Chater, 76 F.3d 585, 589 (4th Cir. 2001)).   Rather, as was well
articulated by Magistrate Judge Seibert in his report and
recommendation, the role of this Court is only to determine whether
the ALJ's determination was supported by "substantial evidence."
Id.   This standard requires only that this Court find that "such
relevant evidence [exists] as a reasonable mind might accept as
adequate to support a conclusion" in line with that reached by the
ALJ.   Pierce v. Underwood, 487 U.S. 552, 664-65 (1988).

    i.   Weight given to opinion of plaintiff's treating source

    The plaintiff's first claim that the Commissioner's decision
was erroneous alleges that the Appeals Council gave insufficient
weight to the opinion of the plaintiff's treating source.   In
addressing this argument, the magistrate judge properly noted that
all medical opinions must be considered by the ALJ and the Appeals
Council.   20 C.F.R. §§ 404.1527(b), 416.927(b).   Further, the
magistrate judge correctly recognized that "[t]he opinion of a
claimant's treating physician is entitled to great weight and may
be disregarded only if there is persuasive contradictory evidence."
Evans v. Heckler, 734 F.2d 1012, 1015 (4th Cir. 1984).   This
concept is known as the "treating physician rule."

    However, while the opinions of treating physicians are
entitled to great weight under this rule, the treating physician
rule does not require that they be given controlling weight.
Mastro v. Apful, 270 F.3d 171, 178 (4th Cir. 2001).   As was noted

by the magistrate judge, the final decision as to ultimate issues
such as whether or not the claimant is disabled or able to work is
always with the ALJ and the Appeals Council, and both of these
entities are free to accept or reject medical opinions of treating
physicians if the opinions are found to be contradictory to other
persuasive evidence on record.   20 C.F.R. §§ 404.1527(e)(1)-(3),
416.927(e)(1); <u>Evans</u>, 734 F.2d at 1015.   Further, while "treating
physician opinions on issues reserved to the Commissioner," such as
the claimant's residual functional capacity, and whether or not a
claimant is disabled as that term is defined in the statute,[2] "must
never be ignored," opinions on such issues "are never entitled to
controlling weight or special significance."   SSR 96-5p.

    With the above considerations, as well as this Court's
standard of review in mind, the magistrate judge considered the
opinion of nurse practitioner Cathy McCoy, the plaintiff's treating

---

    [2]The Residual Functional Capacity Assessment, the application
of impairments and other considerations to the determination of
whether a claimant is "disabled," as well as the final
determination of whether a claimant is "disabled" under the statute
are "administrative findings" left for the Commissioner alone.   <u>See</u>
SSR 96-5p (July 2, 1996).   The plaintiff here claims that the
magistrate judge was incorrect in asserting that no special
significance is to be given to treating source opinions on such
administrative findings.   However, this Court agrees with the
magistrate judge, and is supported in this conclusion by the direct
statements of the Social Security Administration in SSR 96-5p that
such opinions are actually administrative findings, and left
exclusively to the Commissioner.   While treating source opinions on
the same should be considered, they are not entitled to the
deference and weight given to "medical source statement" opinions
under the treating source rule.   <u>Id.</u>

source, and the weight given to it by the Appeals Council.  Ms. McCoy's opinion and accompanying medical assessments were presented for the first time to the Appeals Council when it reviewed the plaintiff's disabled status during that period not previously considered by the ALJ.

The opinion of Ms. McCoy which was submitted to the Appeals Council was presented as a form entitled "Medical Assessment of Ability to do Work-Related Activities Physical" and included her assessments of the plaintiff's ability to lift and carry, stand and walk, and to sit.  The form also indicated Ms. McCoy's assessment as to the ways in which the plaintiff's impairments limited her ability to perform certain postural activities and physical functions, as well as environmental restrictions created by her impairments.  Finally, Ms. McCoy indicates on the form that it is her opinion that the plaintiff "cannot work because of physical limitation."  The Appeals Council indicated that it considered Ms. McCoy's opinion as articulated on this form as required by SSR 06-3p,[3] but ultimately found it to be "inconsistent with the record as a whole and with her own notes, which indicate that she encouraged the claimant to walk and exercise more."  It further found the new evidence of the form completed by Ms. McCoy and of an

_____

[3]SSR 06-3p (Aug. 9, 2006) sets forth factors to be considered by the ALJ and the Appeals Council in determining the proper weight to give to the medical opinions of acceptable medical sources. This Court does not believe that a credible argument can be presented that Ms. McCoy is not an acceptable medical source.

updated MRI "essentially cumulative [to the evidence submitted to the ALJ with regard to the adjudicated period] and does not show any significant worsening of the claimant's condition during the unadjudicated period."  ECF No. 7 Ex. 2 *5.

The magistrate judge found that substantial evidence supported the Appeals Council's decision to give little weight to Ms. McCoy's opinion that the plaintiff was unable to work.  In support of this conclusion, the magistrate judge determined that Ms. McCoy's opinion that the plaintiff was unable to work and thus totally disabled to be an opinion on an ultimate issue, and accordingly, as explained above, not entitled to any special significance.  See 20 C.F.R. § 404.1527(e)(3).  The magistrate judge then found that, in light of this, the Appeals Council properly supported its determinations regarding Ms. McCoy's opinion by stating that it found the record, including Ms. McCoy's own medical records, to be inconsistent with a finding of total disability.  This Court agrees with the magistrate judge in both of these respects.

In the medical assessment form filed by the plaintiff and completed by Ms. McCoy, Ms. McCoy offers an array of medical assessments, and she also offers an opinion as to the plaintiff's ability to work as a result of those medical assessments.  Ms. McCoy's medical assessments indicate her opinions as to the plaintiff's limitations based upon her medical impairments, but give no opinion as to what the result of these limitations and

15

impairments should be when applied to the requirements of the statute in determining whether or not the plaintiff is disabled. These assessments are entitled to the great weight afforded under the treating physician rule.  See 20 C.F.R. §§ 404.1527(a), 416.927(a) (Defines medical opinions as "statements from . . . acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions."). As to these medical assessments, there is no indication that the Appeals Council did not afford them great weight.  In its opinion, the Appeals Council simply asserts that it found that all newly submitted evidence showed that the plaintiff's medical condition did not change during the unadjudicated period and thus it was "essentially cumulative" to that considered by the ALJ and did not warrant a deviation from his findings for the unadjudicated period.

However, Ms. McCoy's opinion that the plaintiff is unable to work amounts to an "administrative finding" rather than a medical opinion because such a determination "would direct the determination or decision of disability." SSR 96-5p. Accordingly, the Appeals Council was not required to give it any "special significance."  As such, this Court agrees with the magistrate judge that the Appeals Council's decision to discredit Ms. McCoy's opinion as to the plaintiff's ability to work was properly

16

supported and based in substantial fact.  The Appeals Council, in noting its decision to discredit Ms. McCoy's opinion in this regard, indicated that it made the decision to do so because it found her opinion to be counter to both her own medical records and to the record evidence as a whole.  As such, for the reasons articulated by the magistrate judge, the Appeals Council's decision to discredit the opinion of Ms. McCoy as to the plaintiff's ability to work was supported by substantial evidence.[4]

    ii.  <u>The ALJ's finding that two of the plaintiff's impairments were not "severe" under the statute</u>

    The plaintiff's second assignment of error to the merits of the Commissioner's decision claims that the ALJ erred in failing to take into account the "voluminous evidence" in the record which in supports a finding that the plaintiff's headaches, and carpal tunnel syndrome, trigger thumb, trigger finger and elbow

---

[4]The plaintiff asserts that the magistrate errs in this regard partially because he states that "[t]he Appeals Council also found that Ms. McCoy's statement was inconsistent with the additional MRI that was submitted, which indicated only mild degenerative changes," when the Appeals Council did not cite this MRI as a reason for its decision to discredit Ms. McCoy's opinion.  While this Court agrees that the Appeals Council did not directly cite to the MRI as being inconsistent with Ms. McCoy's opinion, this clarification does not render the magistrate judge's assertion as to the MRI and Ms. McCoy's opinion erroneous.  The Appeals Council did find that the MRI was consistent with its conclusion that little change had occurred in the plaintiff's condition during the unadjudicated period, and this supports its decision to discredit Ms. McCoy's opinion as inconsistent with the record before it as a whole.  As such, while the magistrate judge's assertion in this regard may be technically incorrect, this Court finds the basis of his point to be proper and in line with the record.

epicondylitis constituted "severe impairments" under the statute, when he concluded that these impairments were non-severe.   The magistrate judge found that the ALJ's determinations in this regard were supported by substantial evidence, and outlined evidence which he believed supported the ALJ's decision.   In the plaintiff's objections to the report and recommendation, she argues that the magistrate judge erred by failing to address the evidence contrary to the ALJ's conclusions, and by utilizing "post hoc reasoning" by relying upon evidence not relied upon by the ALJ in order to demonstrate substantial evidence in support of the ALJ's decision.

    This Court does not quarrel with the plaintiff's presentation of the existence of evidence which may support a finding other than that reached by the ALJ.   However, as noted above, the role of this Court is only to determine whether the ALJ's determination was supported by "substantial evidence."   Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 2001)).   This standard requires only that this Court find that "such relevant evidence [exists] as a reasonable mind might accept as adequate to support a conclusion" in line with that reached by the ALJ.   Pierce v. Underwood, 487 U.S. 552, 664-65 (1988).   As such, while evidence may well exist to support the conclusion opposite to that reached by the ALJ, such is not a concern of this Court so long as substantial evidence exists to support the decision of the ALJ.

Considering the above standard of review, upon <u>de novo</u> review of the magistrate judge's report and recommendation, the briefing submitted by the parties, and the administrative record, along with the opinion of the ALJ, this Court agrees with the magistrate judge that the ALJ's determinations that the plaintiff's headaches and her carpal tunnel syndrome, trigger thumb, trigger finger and elbow epicondylitis do not constitute severe impairments were supported by substantial evidence.  As the magistrate judge noted with regard to the plaintiff's headaches, a significant amount of medical evidence existed which showed that a number of the plaintiff's presentations to medical professionals between early 2009 and 2011 showed that her headaches responded to treatment and did not occur with great frequency.  There was also evidence presented that the plaintiff received a neurological exam that was normal.

With regard to the plaintiff's carpal tunnel syndrome, trigger thumb, trigger finger and tennis elbow, this Court also agrees with the magistrate judge that substantial evidence exists to support the ALJ's adverse conclusion.  Medical evidence was also submitted as to these impairments that shows that the plaintiff admitted on multiple occasions that she was "doing pretty well" as a result of treatment.  Medical evidence was also presented wherein her treating providers indicated that she was able to make a fist and to oppose her thumb and finger and that she had nearly full strength and range of motion.  All of this evidence supports the

ALJ's finding that the plaintiff's surgical treatment for these impairments was largely successful. This Court believes that the above evidence cited by the magistrate judge, and also that cited by the defendant and found within the record that was before the ALJ, is sufficient to support a reasonable conclusion that the plaintiff's headaches and her carpal tunnel, trigger thumb, trigger finger and tennis elbow were not "severe impairments" under the statute.

This Court does not disagree with the plaintiff's contention that evidence can be found on the record to support the conclusions which the plaintiff urges this Court to adopt. However, this Court has considered the entirety of the evidence presented along with the opinion of the ALJ, and as noted above, finds that substantial evidence exists on the record to allow a reasonable mind to reach the conclusion reached by the ALJ with regard to the severity of these impairments. See Johnson, 434 F.3d at 653 ("In reviewing for substantial evidence, the reviewing court does not undertake to re-weigh conflicting evidence . . . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls in the ALJ.")

Further, the plaintiff claims in her objections that the magistrate judge utilized post hoc reasoning in coming to his conclusion that the ALJ did not err in his determinations in this regard because the magistrate judge relied upon medical evidence to

which the ALJ did not refer in his opinion.  This Court disagrees with the plaintiff's claim that the magistrate judge erred in this regard.  The ALJ clearly noted at the beginning of his statement of "Findings of Fact and Conclusions of Law" that he engaged in a "careful consideration of the entire record."  ECF No. 7 Ex. 2 *17. Accordingly, the magistrate judge did not consider any evidence which the ALJ did not review in reaching his final determinations as to severe impairments because the ALJ considered all of the evidence before him on the record.

    iii.  <u>The Commissioner's credibility determination as to the</u> <u>plaintiff's testimony</u>

    Finally, the plaintiff claims that the Commission's decision to discredit her testimony as to her subjective complaints was erroneous and without proper support.  As the magistrate judge correctly states, the Fourth Circuit has outlined the proper test to evaluating a claimant's subjective complaints in <u>Craig</u>, 76 F.3d 585.  A full explanation of the test set forth in <u>Craig</u>, as well as an outline of the Federal Regulations' stated factors for consideration of a claimant's credibility, can be found in the magistrate judge's report and recommendation.  ECF No. 17 *20-21.

    The magistrate judge also correctly noted that, upon review of the ALJ's credibility determination, the district court is to give "the ALJ's observations concerning these questions . . . great weight" because "he had the opportunity to observe the demeanor and

to determine the credibility of the claimant." <u>Shively v. Heckler</u>, 739 F.2d 987, 989 (7th Cir. 1984) (citing <u>Tyler v. Weinberger</u>, 409 F. Supp. 776 (E.D. Va. 1976)).  As such, a district court is to "reverse an ALJ's credibility determination only if the claimant can show it was 'patently wrong.'" <u>Powers v. Apfel</u>, 207 F.3d 431, 435 (7th Cir. 2000) (citing <u>Herr v. Sullivan</u>, 912 F.2d 178, 181 (7th Cir. 1990)).  The plaintiff here has failed to make such a showing.

As the magistrate judge outlines, the ALJ supported his decision to discredit the plaintiff's testimony regarding pain and physical limitations with a significant amount of record evidence contradictory to her subjective statements.  The plaintiff claims that the magistrate judge failed to address her contentions that the ALJ gave no explanation as to why he believed that the cited record evidence did not support her testimony.  However, this Court believes that it is clear without further explanation that the record evidence noted by the magistrate judge is quite inconsistent with the plaintiff's statements.  For example, the plaintiff stated that her pain medication resulted in significant side effects but offered her no relief.  However, she also noted that she continued to take the medication.  These two statements are clearly inconsistent with one another, and the ALJ so noted.  Further, the plaintiff's ability to drive, shop, pack her husband's lunch, lie in a tanning bed, fold laundry, dust, visit with family, and

socialize is clearly inconsistent with full disability.  As such, this Court cannot conclude that the plaintiff has shown that the ALJ's credibility determination was patently incorrect.  This Court thus affirms and adopts the magistrate judge's report and recommendation in its entirety.

### IV.  Conclusion

After a de novo review, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  The defendant's motion for summary judgment (ECF No. 14) is thus GRANTED and the plaintiff's motion for summary judgment (ECF No. 10) is DENIED.  The decision of the Commissioner is hereby AFFIRMED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment in favor of the defendant.

DATED:   January 15, 2013


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE